**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ADRIANA GUERRERO-HERNANDEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-72942

Agency No. A086-966-728

MEMORANDUM[*]

---

On Petition for Review of an Order of
Immigration and Customs Enforcement

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Adriana Guerrero-Hernandez, a native and citizen of Mexico, petitions for

review of an Immigration and Customs Enforcement decision reinstating her prior

removal order.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of law and due process claims. *Garcia de Rincon v. Dep't Homeland Security*, 539 F.3d 1133, 1136 (9th Cir. 2008). We deny the petition for review.

Contrary to Guerrero-Hernandez's contention, 8 U.S.C. § 1231(a)(5) applies to her expedited removal order. *See Moralez-Izquierdo v. Gonzales*, 486 F.3d 484, 496 n. 14 (9th Cir. 2007) (en banc) ("Any mode of departure - voluntary or involuntary - while subject to an order of removal constitutes a removal for reinstatement purposes.").

The reinstatement of Guerrero-Hernandez's removal order did not violate her due process rights. *See id*. at 497 ("Reinstatement of a prior removal order - regardless of the process afforded in the underlying order - does not offend due process because reinstatement of a prior order does not change the alien's rights or remedies.").

**PETITION FOR REVIEW DENIED.**